**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Filley, | No. CV-21-00297-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| ACE American Insurance Company, et al., | |
| Defendants. | |

This action was removed from state court on July 28, 2021. The Plaintiff filed a Motion to Remand. The Court denies the motion and will set a case management scheduling conference.

The action is brought by Plaintiff against Defendant ACE American Insurance Company (ACE) alleging breach of the implied covenant of good faith and fair dealing arising from a claim for uninsured motorist (UM) coverage. He seeks damages for the cost of the breach, i.e., the nonpayment of the claim, and expenses to obtain coverage that resulted over the time and efforts it took to attempt to settle the claim[1] and eventually obtain an arbitration award in the amount of $750,000. He also seeks damages for anxiety, emotional suffering and economic harm, including attorney fees.

Defendant removed the action pursuant to 28 U.S.C. § 1441, because the Court has original jurisdiction over it under 28 U.S.C. § 1332. There is complete diversity of

---

[1] "Defendant offered $50,000.00 to resolve the claim, which the Plaintiff rejected." (D Resp. (Doc. 6) at 2 (citing (ECF. 1-3, ¶¶ 14-15.)

citizenship among the parties, and the Defendant submits that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

The federal courts have diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Under § 1446(a), the notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, *Dart v. Cherokee Basin Operating Co, v. Owens*, 135 S. Ct. 547, 554 (2014), but the defendant must submit evidence establishing the amount when the plaintiff contests the removal or the court questions it, *id.*; 28 U.S.C. § 1446(c)(2)(B).  When the plaintiff challenges the defendant's assertion of the amount in controversy, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.; Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount.").

"[E]vidence may be direct or circumstantial," and "a damages assessment may require a chain of reasoning that includes assumptions." *Ibarra v. Manheim Inv.*, 775 F.3d 1193, 1199 (9th Cir. 2015). The parties may rely on evidence outside the complaint including affidavits or declarations, or "'other summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).

When as here, the Plaintiff contests the notice of removal, "it is the Defendant's burden to prove by 'a preponderance of the evidence' that the amount in controversy requirement has been satisfied." (P Reply (Doc. 8) at 2.)

The Plaintiff's Complaint is silent as to the amount of damages beyond an allegation that "[t]his case is likely to include expert witnesses and the monetary damages are not likely to exceed $300,000.00." (ECF. 1-3 ¶ 32.) Additionally, the Plaintiff designated the case as a Tier 2 pursuant to Ariz. R. Civ. P. 26.2, which is the designation for cases where

a plaintiff claims more than $50,000.00 and less than $300,000.00. While these two factors alone may not be enough to establish the $75,000 jurisdictional amount of the Plaintiff's claims, there is more.

The Plaintiff's Initial Disclosure Statement, filed pursuant to Ariz. R. Civ. P. 26.1., in the state case includes the Plaintiff's statement as follows:

> As set forth in RAJI (6th) Bad Faith Instruction No. 7 an insurer which breaches the duty of good faith is liable for economic harm and emotional distress caused by its breach of duty. Mr. Filley incurred $50,000.00 in attorneys' fees and $21,420.00 in expenses as a result of Ace/Chubb's denial of Mr. Filley's claim for benefits. Additionally, Mr. Filley suffered anxiety and emotional distress for which he will ask a jury to award just and reasonable compensation.

(D Resp. (Doc. 6) at 5 (citing Ex. A at 14:15-21).

Using these figures provided by the Plaintiff, the Court calculates the Plaintiff's claim at $71,420.00 ($50,000.00 + $21,420.00) in compensatory damages for the alleged economic harm, plus an unspecified amount of damages for emotional distress. If the unspecified amount is $3,580 or more, the Court must find it has jurisdiction over this case and deny the Motion for Remand.

The Defendant points out that the $50,000 in attorney fees reflects the amount incurred at that time, which as the Court understands the claim may well be related to the arbitration and other prefiling legal work. The Plaintiff complains that Defendant does not have any personal knowledge of the legal fee contract or legal work performed for the Plaintiff, and therefore this is not admissible evidence. The Plaintiff does not present evidence that legal fees are less than $3,580.00, and the Court reminds him that he asserts this case will require expert witnesses.

The Court finds that based on admissible evidence, the claim amount is $71,420.00 plus unspecified amounts for emotional distress and attorney fees. The Court finds that

/////

/////

/////

////

given the nature of emotional distress damages and attorney fees, alone or together, they will be in excess of $3,580.00. The Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

**Accordingly,**

**IT IS ORDERED** that the Motion to Remand (Doc. 5) is DENIED.

Dated this 19th day of January, 2022.

_____
Honorable David C. Bury
United States District Judge